Alvin E. Goins v. Commissioner. Myrtle R. (Goins) Hough v. Commissioner.
Goins v. Commissioner
Docket Nos. 87768, 93009, 93139.
United States Tax Court
T.C. Memo 1962-9; 1962 Tax Ct. Memo LEXIS 298; 21 T.C.M. (CCH) 38; T.C.M. (RIA) 62009; January 18, 1962
Roy Garvin, Esq., for petitioner Alvin E. Goins. Thurman L. Dodson, Esq., for petitioner Myrtle Hough. Arnold E. Kaufman, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The petitioners in these consolidated cases are former husband and wife, residing in Washington, D.C. The Commissioner determined deficiencies in income tax against the husband for the years 1956 and 1958 in the amounts of $241.75 and $271.71, respectively, and against the wife for the year 1958 in the amount of $374 plus an addition to tax in the amount of $18.70. As a result of certain concessions by the parties, *299 a single issue remains for decision, namely, which of the two taxpayers is entitled to exemptions for their two minor children as dependents, and the answer depends upon who furnished over half of the support for each child. Sections 151 and 152, 1954 Code. The two children, a son and daughter, 14 and 11 years old, respectively, during 1958, resided with their mother during both taxable years. Pursuant to court order the father paid $40 a month to his former wife for the support of each child (or a total of $80 a month) during both taxable years. The father thus supplied $960 in 1956 as well as in 1958. We received considerable evidence as to other amounts purportedly spent by each parent for support of the children. The wife's testimony covered a wide range of items relating to rent, food, telephone, maid service, clothes (comprehensively broken down for each child into such articles of apparel as suits, overcoats, raincoats, shoes, underwear, shirts, pants, caps, sweaters, slips, skirts, blouses, dresses, etc.), as well as certain other expenses separately earmarked as to each child dealing with medical expenses, education, dry cleaning, toiletries, insurance, vacation, etc. *300 The father testified as to items of support furnished by him in addition to the $80 monthly payments. These included food (during the one day a week that he had custody of the children), gifts, recreation, articles of clothing, etc. Although both parents impressed us as being honest witnesses, it was nevertheless obvious that some of the estimates given by them were exaggerated, and it becomes our duty to make a finding based upon our appraisal of the evidence. We are satisfied that both parents made substantial expenditures, and that the expenditures of each came close to the 50 percent mark. The evidence does persuade us, however, that, in 1958, the mother's expenditures for the daughter were greater than her expenditures for the son, and we hereby find as a fact that she furnished more than 50 percent of the daughter's support for that year, but that the father furnished more than 50 percent of the support of the son for that year. As to 1956, when the children were two years younger, and when the wife's expenditures for the daughter were on a smaller scale, we have concluded and hereby find as a fact on the evidence that the father furnished more than 50 percent of the support *301 for each child. Decisions will be entered under Rule 50.